No. 24-11192

# In the United States Court of Appeals for the Eleventh Circuit

EBONI WILLIAMS, *et al.*,

*Plaintiffs-Appellees*,

v.

GERALD SHAPIRO, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of Georgia
No. 1:23-cv-03236-VMC (Hon. Victoria Marie Calvert)

**REPLY OF AMERICAN ASSOCIATION FOR JUSTICE TO
DEFENDANTS-APPELLANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFFS-APPELLEES**

LORI ANDRUS
*President*
AMERICAN ASSOCIATION FOR JUSTICE
777 6th Street, NW #200
Washington, DC 20001
(415) 986-1400
lori.andrus@justice.org

JEFFREY R. WHITE
*Counsel of Record*
AMERICAN ASSOCIATION FOR JUSTICE
777 6th Street, NW #200
Washington, DC 20001
(202) 617-5620
jeffrey.white@justice.org

*Counsel for Amicus Curiae*

i

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, *amicus curiae* the American Association for Justice certifies that it is a non-profit organization. It has no parent corporation or publicly owned corporation that owns 10% or more of its stock.

Respectfully submitted this 18th day of October 2024.

/s/ Jeffrey R. White

JEFFREY R. WHITE
*Counsel for Amicus Curiae*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rules 26.1-1, 26.1-2, 28-1(b), and 29-2, undersigned counsel for *amicus curiae* gives notice of the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

A360 Holdings LLC (Appellant)

A360 Profit Sharing Plan (Appellee)

American Association for Justice (Amicus Curiae)

Argent Financial Group, Inc. (100% owner of Argent Trust Company)

Argent Trust Company (Appellant)

Bailey III, Harry B. (Counsel for Appellees)

Berman Fink Van Horn P.C. (Counsel for Appellants)

Brinkley, Scott (Appellant)

Calvert, Honorable Victoria M. (United States District Court Judge)

Dearing, Lea C. (Counsel for Appellants)

Dunn Harrington LLC (Counsel for Appellees)

Edelman, Marc R. (Counsel for Appellees)

Engstrom, Carl (Counsel for Appellees)

Engstrom Lee (Counsel for Appellees)

Fink, Benjamin (Counsel for Appellants)

Foley & Lardner (Counsel for Appellants)

Harrington III, Robert Earl (Counsel for Appellees)

Herring, Shadrin (Appellee)

Hill, Brandon J. (Counsel for Appellees)

Holland & Knight LLP (Counsel for Appellant Argent Trust Company)

House, Bryan B. (Counsel for Appellants)

JonesGranger (Counsel for Appellees)

Kovelesky, Tina, (Appellee)

Lee, Jennifer Kim (Counsel for Appellees)

McCarthy, Chelsea Ashbrook (Counsel for Appellant Argent Trust Company)

Origin Bancorp, Inc. (Publicly traded company that owns more than 10% of common stock of Argent Financial Group Inc.)

Ridley, Eileen R.  (Counsel for Appellants)

Morgan & Morgan (Counsel for Appellees)

Shapiro, Gerald (Appellant)

Shoemaker, Paula Mays (Appellee)

Thomson, Mark E. (Counsel for Appellees)

iv

Wenzel Fenton Cabassa, P.A. (Counsel for Appellees)

Williams, Eboni (Appellee)

White, Jeffrey R. (Counsel for Amicus Curiae)

Wozniak, Todd D. (Counsel for Appellant Argent Trust Company)

To the best of the undersigned counsel's knowledge, no other persons, association of persons, firms, partnerships, or corporations have an interest in the outcome of this case or appeal.

Respectfully submitted this 18th day of October 2024.

/s/ Jeffrey R. White

JEFFREY R. WHITE
*Counsel for Amicus Curiae*

v

The American Association for Justice ("AAJ") respectfully submits this Reply to Defendants-Appellants' Opposition to AAJ's Motion for Leave to File Brief as *Amicus Curiae* in Support of Plaintiffs-Appellees.

## ARGUMENT

### I.   AAJ'S PROPOSED BRIEF PRESENTS A UNIQUE PERSPECTIVE AND ADDITIONAL ARGUMENTS THAT ARE RELEVANT TO THE DISPOSITION OF THIS CASE.

Defendants assert, first, that "AAJ does not assert new arguments or additional perspective whereby it contributes something not already before the Court, as it must to satisfy [Federal Rule of Appellate Procedure] 29(b)." Defendants-Appellants' Opposition to Motion of American Association for Justice for Leave fo File Brief as *Amicus Curiae* in Support of Plaintiffs-Appellees ("Defs.' Opp.") at 2.

Rule 29(b) imposes no such litmus test. Rather, a motion for leave to file an *amicus* brief must state "(1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b).

Moreover, the content of AAJ's proposed brief clearly refutes Defendants' objection. AAJ members are trial attorneys who represent workers, consumers, and small businesses seeking to secure their rights under various federal statutes. They bring to this Court a far broader perspective on the Supreme Court's "effective vindication" doctrine than that of the parties, who are focused exclusively on the

1

application of that doctrine to ERISA actions. As AAJ explains in Part I, the statutory rights of numerous workers and consumers under laws enacted by Congress for their protection "will ring hollow" if Defendants are permitted to use their considerable leverage to extract contractual waivers from ERISA participants and beneficiaries. Brief for American Association for Justice as Amicus Curiae Supporting Plaintiffs-Appellees ("AAJ Br.") at 5.

In addition, Parts II and III of AAJ's brief outlines in detail the foundation of the "effective vindication" doctrine in the common law of contracts, long before Congress enacted the Federal Arbitration Act. AAJ Br. at 14–25. Neither party delves into these common-law origins.

Defendants instead urge this Court to impose additional and very restrictive conditions on acceptable amicus briefs as suggested in an in-chambers opinion by a single judge in another circuit. Defs.' Opp. at 1 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)). Other courts have rejected such a view as both unwise and ineffective. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132–33 (3d Cir. 2002) (Alito, J.). This Court should adhere to the "predominant practice in the courts of appeals," which is "to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* at 133.

## II.    MEMBERSHIP OF PLAINTIFFS' COUNSEL IN AAJ DOES NOT VIOLATE RULE 29.

Defendants' second ground for objection is wholly meritless. Defendants complain that one or more of the attorneys representing Plaintiffs-Appellees in this action are dues-paying members of AAJ. As such, Defendants assert that "the *amicus* brief is tainted by the financial interests of counsel." Defs.' Opp. at 4. Defendants' sole authority, incongruously, is *Glassroth v. Moore*, 347 F.3d 916 (11th Cir. 2003), which stated that *amicus* briefs "should not be underwritten" by a *party*. *Id.* at 919. Quite obviously, an AAJ member's annual dues payment, while supporting all of AAJ's activities, is not "money that was *intended to fund preparing or submitting the brief*." Fed. R. App. P. 29(a)(2) (emphasis added).

Rule 29 itself puts to rest any question as to whether membership dues could be encompassed by the rule by requiring disclosure of any "person—*other than* the amicus curiae, *its members*, or its counsel—contributed money that was intended to fund preparing or submitting the brief." Fed. R. App. P. 29(a)(4)(E)(iii) (emphasis added). Moreover, to erase any possible, lingering notion that membership dues create a troubling financial interest, the 2010 Advisory Committee Note states:

> [The rule] requires amicus briefs to disclose whether counsel for a party authored the brief in whole or in part and whether a party or a party's counsel contributed money with the intention of funding the preparation or submission of the brief. A party's or counsel's *payment of general membership dues to an amicus* need not be disclosed."

3

Fed. R. App. P. 29 advisory committee's note to 2010 amendments (emphasis added). Indeed, the Advisory Committee cited *Glassroth v. Moore* in the following paragraph to underscore the purpose of the disclosure requirement "to deter counsel from using an amicus brief to circumvent page limits." *Id.* As AAJ has attested that counsel for Plaintiffs-Appellants has neither authored the proposed *amicus* brief in whole or in part, nor contributed any money intended to fund the brief, *see* AAJ Br. at 1 n.1, the Court's opinion in *Glassroth* is inapplicable in this case and the brief is permissible under both Federal Rule of Appellate Procedure 29 and Eleventh Circuit Local Rule 29-1.

## CONCLUSION

For these reasons, this Court should grant AAJ's Motion Leave to File Brief as *Amicus Curiae* in Support of Plaintiffs-Appellees.

Dated: October 18, 2024                Respectfully submitted,

/s/ *Jeffrey R. White*
Jeffrey R. White
AMERICAN ASSOCIATION FOR JUSTICE
777 6th Street, NW #200
Washington, DC 20001
(202) 617-5620
jeffrey.white@justice.org

*Counsel for Proposed Amicus Curiae*
*American Association for Justice*

4